IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY BURR,

                           Plaintiff,

  v.                                                            OPINION & ORDER

GARY BOUGHTON, MARK KARTMAN,                      18-cv-289-jdp
C.O. KAEDER, CAPT. GARDNER,
LT, LEFFLER, and MS. LEMIEUX,

                           Defendants.

---

Pro se plaintiff and prisoner Jeffrey Burr has filed a complaint under 42 U.S.C. § 1983 in which he challenges decisions to (1) prohibit all of his contact visits for a period of 12 months; and (2) remove him from his prison job. He has paid the filing fee in full, so his complaint is ready for screening under 28 U.S.C. § 1915A. Also before the court is Burr's "motion to request a magistrate judge." Dkt. 5.

I will deny Burr's motion to reassign the case to a magistrate judge. Under 28 U.S.C. § 636(c)(1), the district court may refer a case to a magistrate judge when all parties agree to do so. The defendants have not yet been served, so they cannot provide their consent. Regardless, the court retains discretion to retain jurisdiction over a court even when both sides consent to a magistrate judge's jurisdiction. Because Burr does not identify any reason for seeking reassignment and I see no need for one, I will retain jurisdiction over the case.

As for the merits of the complaint, I will defer a decision on screening until Burr clarifies some of his allegations. Specifically, Burr raises a claim under the equal protection clause and he includes one allegation related to the claim: "When inmates that were white and black at the visiting area were kissing in the middle of visits, they were sometimes warned but most

times nothing was said to them." Dkt. 1, ¶ 26. For multiple reasons, that allegation does not provide fair notice of a claim as required by Rule 8 of the Federal Rules of Civil Procedure.

First, Burr does not explicitly identify anywhere in his complaint what he was doing in the visiting area that led to the loss of his job and visitation privileges. For most of his complaint, Burr seems to suggest that he doesn't know what he did. *E.g.*, Dkt. 1. ¶ 8 ("Burr wrote a letter to Karman asking what the reason was for all his visits (Contact) being taken."). But the allegation quoted above suggests that Burr may have been kissing his visitor. Is Burr acknowledging that he was kissing his visitor? If not, how does he believe he was treated differently from other prisoners? Did staff ever inform him of the specific reason for his loss of contact visits? Burr should clarify these issues.

Second, Burr's allegation suggests that he was subjected to racial discrimination, but it is not clear how. Burr says that "white and black" inmates generally did not suffer disciplinary consequences when they were caught kissing in the visiting area, but more explanation is needed. For example, what is Burr's race? He does not identify this in his complaint. Also, what does he mean when he says that "white and black" inmates kissed in the visiting area? Presumably, Burr means that white prisoners kissed their visitors and black prisoners kissed their visitors, *not* that the inmates were kissing each other. Again, Burr should explain which prisoners received more favorable treatment.

Third, if he can, Burr should explain *which* defendants discriminated against him because of his race or another reason. He is silent about that issue in his complaint.

I will give Burr an opportunity to file a supplement to his complaint in which he answers all of these questions. If he fails to respond, I will dismiss his equal protection claim and screen the other claims raised in the complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeffrey Burr's "motion to request a magistrate judge," Dkt. 5, is DENIED.

2. Burr may have until July 6, 2018, to filed a supplement to his complaint in which he answers the questions raised in this opinion. If Burr fails to respond by July 6, I will dismiss his claim under the equal protection clause for his failure to comply with Rule 8 and screen the remaining claims in the complaint.

Entered June 22, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge