IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY BURR,

                         Plaintiff,

   v.

GARY BOUGHTON and MARK KARTMAN,

                         Defendants.

OPINION and ORDER

18-cv-289-jdp

---

Pro se plaintiff and prisoner Jeffrey Burr is proceeding on a claim that defendants Gary Boughton and Mark Kartman (the warden and the security director of Wisconsin Secure Program Facility) violated his constitutional right to intimate association by restricting his visitation for 12 months. Defendants have moved for summary judgment on the ground that the restriction imposed was reasonably related to a legitimate penological interest. Dkt. 21.

Burr didn't respond to defendants' motion, so I must accept their version of the facts as true. *See Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011). But I must still determine whether the undisputed facts show that defendants are entitled to judgment as a matter of law. *See Doe v. Cunningham,* 30 F.3d 879, 883 (7th Cir. 1994).

I conclude that the undisputed facts provide adequate support for defendants' decision to limit Burr's visitation. In December 2017, Burr had a face-to-face visit with a woman and several children. Dkt. 23, ¶ 4. (Defendants don't identify Burr's relationship to the visitors.) Burr kissed and embraced the woman repeatedly throughout the 45-minute visit. *Id.*, ¶ 20. He also repeatedly placed his hands inside the woman's clothes as well as his own. *Id.*, ¶ 23. Defendants determined that Burr's conduct violated prison rules that prohibit embracing and kissing (except at the end and the beginning of the visit) and placing hands inside someone

else's clothes. *Id.*, ¶ 24. The purpose of those rules is to encourage socially acceptable behavior, reduce the opportunity for exchanging contraband, and reduce the likelihood of an assault. *Id.*, ¶ 14. As a result of Burr's violation of the rules, defendants restricted Burr's face-to-face visitation for 12 months. *Id.*, ¶¶ 25–29. But Burr was still permitted to make telephone calls and receive video visits. *Id.*, ¶ 31.

Courts in this circuit evaluate restrictions on a prisoner's visitation under the standard first articulated in *Turner v. Safley*, 482 U.S. 78 (1987), which is whether the restriction is reasonably related to a penological interest. *See Easterling v. Thurmer*, 880 F.3d 319, 322–23 and n.6 (7th Cir. 2018). But the Supreme Court has already upheld as reasonable a ban on contact visits as a response to concerns about contraband and assaultive behavior. *See Block v. Rutherford,* 468 U.S. 576, 586 (1984). Because those are the same concerns that defendants had in this case, and defendants continued to allow Burr to have video visits and telephone calls, *Block* suggests that defendants' actions were reasonable.

Even if *Block* isn't controlling, it is Burr's burden to show that the restriction is unreasonable. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("The burden . . . is not on the State to prove the validity of prison regulations but on the prisoner to disprove it."). In the absence of any evidence or argument from Burr, I cannot say that imposing a 12-month restriction on contact visits as a consequence of multiple violations of prison rules violates the Constitution under the facts of this case. *See Robinson v. Palmer,* 841 F.2d 1151, 1156–57 (D.C. Cir. 1988) (upholding permanent ban on face-to-face visits for contraband violation); *Hernandez v. McGinnis,* 272 F. Supp. 2d 223, 228 (W.D.N.Y. 2003) (upholding three-year suspension of visitation privileges for violating prison rules); *Young v. Vaughn*, No. CIV. A. 98-4630, 2000 WL 1056444, at *2 (E.D. Pa. Aug. 1, 2000) (upholding six-month suspension of

2

visitation privilege for improper sexual contact during a visit). *See also King v. Frank,* 371 F. Supp. 2d 977, 984 (W.D. Wis. 2005) (granting summary judgment to prison officials on visitation claim when the plaintiff failed to rebut officials' evidence that the restrictions were "designed to promote the institution's interests in maintaining security and rehabilitating inmates by awarding increasing levels of privileges for good behavior").

The undisputed facts show that defendants are entitled to judgment as a matter of law, so I will grant defendants' motion for summary judgment.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Gary Boughton and Mark Kartman, Dkt. 21, is GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered October 31, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge